JAMES L. REYNOLDS ET AL., APPELLEES, V. HENRY RICK-GAUER, APPELLANT.

FILED DECEMBER 6, 1905.   No. 14,025.

Vendor and Purchaser: FRAUD: RESCISSION: QUIETING TITLE.   Where a purchaser of real estate has procured the execution and delivery of a deed by improper means, and by false and fraudulent representations which are relied upon by the grantors, the grantors are entitled, upon an immediate rescission on account of the fraud, to have the deed declared void and the title to the real estate quieted in them.

APPEAL from the district court for Boyd county: JAMES J. HARRINGTON, JUDGE.   *Affirmed.*

*Harding & Harding, A. J. Sawyer* and *H. V. Failor,* for appellant.

*A. H. Tingle* and *M. F. Harrington, contra.*

LETTON, C.

This action was brought for the purpose of declaring void a contract of sale of the plaintiff's homestead, which it is alleged was fraudulently procured, and to remove the cloud upon the title to the same created by the alleged unauthorized recording of a deed thereto which was executed by the plaintiffs to defendant, and which it is alleged had been placed in escrow, but had been fraudulently procured and placed upon record by the defendant.

The testimony of the plaintiff and his witnesses is substantially to the effect that plaintiff is a farmer, living upon and owning a tract of land in Boyd county, which was incumbered by mortgages to the extent of about $800. A foreclosure decree had been rendered against the land, and it had been advertised for sale under the decree. A short time prior to the time for the sale, the defendant went to the plaintiff's farm and stated to plaintiff that he would lose the place by the foreclosure sale; that he could not borrow any money on the land by reason of the land being in litigation; that he, Rickgauer, owned a $3,000 stock of goods at Naper, Nebraska, that they were all new goods and worth dollar for dollar, and that he would buy the plaintiff's farm, and his live stock, and other property, and would pay $1,500 for the land, and $457 for the personal property, the plaintiff to take $1,000 in goods at invoice price from the store at Naper; that he would pay the indebtedness upon the land and upon the personal property, and would pay the balance to the plaintiff. It was agreed between the parties that the deed to the land should be left at the bank at Spencer, Nebraska, until plaintiff inspected the goods.

The deed was executed and was delivered to Rickgauer

by one Lynn, who was employed in the bank, without the plaintiff's knowledge or consent. The goods, in fact, were part of an old stock, and consisted of odd sizes of clothing, shirts, underwear, boots and shoes, of old styles, and of but little value, the entire stock at Naper not being worth over $400 or $500. The plaintiff had no experience in mercantile business. The next day after the deed was executed, the plaintiff was informed of the true facts with reference to the value of the stock of goods, and told the defendant, when he came to his place that morning not to take away part of the live stock; that he wanted his deed back. The defendant paid none of the indebtedness of the plaintiff and allowed the land to be sold at foreclosure sale, when he purchased it in the name of his wife. The plaintiff has never taken possession of the goods, and is still in possession of the land. Both the plaintiff and his wife testify that they had no knowledge of the foreclosure proceedings until the night before Rickgauer came to their place, and that, when he told them that they would lose the land if they did not sell it, and that they could not borrow any money upon it, they believed him, as they also did with reference to the character of the goods. The fair market value of the farm, as testified by plaintiff's witnesses, is about $3,500 or $4,000.

On the other hand, the story told by the defendant and his witnesses is to the effect that he made no representations to the plaintiff with reference to his being unable to borrow money on the land, or that he would lose it by the foreclosure sale; that the land is only worth about $2,500 at the outside; that the goods on hand at Naper were worth close to $2,400, and that, while it is an old stock, the articles are in fair second-hand condition. It is shown, however, upon the cross-examination of one Ness, who was the clerk in charge of the store at Naper for the defendant, that on the Friday before the case was to be tried, when some one was going to inspect the stock for the plaintiff, Ness received a telephone message from Rickgauer to close the store until after the trial, and it is further shown by

defendant's own witnesses that the stock was the remains of an old stock, part of which had been auctioned off at different times and places, and the unsold remainder taken to Naper. Lynn, who drew up the deed and took the acknowledgment of both the plaintiff and his wife, testifies that he handed the deed to Rickgauer in their presence, and that no objection was made by them; that Rickgauer handed Mrs. Reynolds the bill of sale of $1,000 worth of goods, and that Rickgauer then gave the deed to him and told him to mail it to the county seat to be recorded; and this is Rickgauer's testimony also. A number of witnesses residing in the neighborhood in which the defendant lives testified that his reputation for truthfulness was bad.

Upon consideration of all the testimony, we think the weight thereof is with the plaintiff. As to the fraud charged, we are satisfied that the defendant made the representations alleged; that they were false; and that the plaintiff was deceived thereby. It appears that the next day, as soon as the plaintiff ascertained the fraud, he rescinded the contract and demanded a return of the deed, which was refused. Upon the whole case, we are of the opinion that the plaintiff was deceived and defrauded, and that he had the right to rescind the contract upon that account, and to demand and receive his deed. The petition seems sufficiently to set forth a cause of action, and we think the judgment of the district court is fully supported by the evidence.

We recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.